OPINION
{¶ 1} Defendant-appellant Robin Converse appeals his sentence from the Delaware County Court of Common Pleas on one count of driving under the influence of alcohol or drugs. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 30, 2004, the Delaware County Grand Jury indicted appellant on one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fifth degree, and one count of driving under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1), a felony of the fourth degree. At his arraignment on September 17, 2004, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Subsequently, on December 14, 2004, appellant withdrew his former not guilty plea and entered a plea of guilty to the charge of driving under the influence of alcohol or drugs. The remaining charge was dismissed by appellee State of Ohio. As memorialized in a Judgment Entry filed on May 6, 2005, appellant was sentenced to a prison term of twenty-four (24) months. The trial court, in its entry, ordered that appellant's sentence be served consecutively to a Franklin County sentence that appellant was serving. Appellant also was ordered to pay a fine in the amount of $800.00 and appellant's driver's license was suspended for a period of five (5) years.
 {¶ 4} Appellant now raises the following assignment of error on appeal:
 {¶ 5} "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO A NON-MINIMUM PRISON TERM AND A CONSECUTIVE PRISON TERM BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY THE DEFENDANT."
 I {¶ 6} Appellant, in his sole assignment of error, argues the trial court erred in sentencing him to more than the minimum and to consecutive sentences. Specifically, appellant claims the trial court erred in sentencing him to more than the minimum and to consecutive sentences in contravention of the United States Supreme Court's decision in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531. We agree.
 {¶ 7} The Ohio Supreme Court, in State v. Foster,109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, found the following provisions of Ohio's sentencing statute unconstitutional because they required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea: more than the maximum prison term [R.C. 2929.14(B), 2929.19(B)(2) and R.C. 2929.41]; the maximum prison term [R.C. 2929.14(C)]; consecutive prison terms [R.C. 2929.14(E)(4)]; repeat violent offender [R.C.2929.14(D)(2)(b)]; and major drug offender [2929.14(D)(3)(b)]. Thus, under a Blakely analysis, only the provisions of the sentencing statute addressing prison rather than community control for lower level felonies [R.C. 2929.13(B)(2)(a) and R.C.2929.13(B)(2)(b)] and repeat violent offender [R.C.2929.14(D)(2)(a)] are constitutional. Id.
 {¶ 8} To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at paragraph 97. Thus, the Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph 100.
 {¶ 9} Because appellant's more than the minimum, consecutive sentence is based upon sections of statutes which have been found to be unconstitutional and, thus, void, this matter is remanded to the trial court for a new sentencing hearing pursuant toFoster.
 {¶ 10} Accordingly, the judgment of the Delaware County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this opinion.
By: Edwards, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion. Costs assessed to appellee.